IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

ANDREW TALLEY,

      Plaintiff-Intervenor,

v.

      Civil Action No.
      CV-00-N-0291-W

O'CHARLEY'S, INC.

      Defendant.

**ENTERED**

AUG 2 9 2000

## CONSENT DECREE

### I.   INTRODUCTION

    This Consent Decree has been voluntarily entered into between Plaintiff Equal Employment Opportunity Commission, Plaintiff-Intervenor Andrew Talley, and Defendant O'Charley's, Inc. (collectively "the Parties"). This Decree fully and finally resolves all litigation between the Parties, except as expressly indicated herein.

### II.   LITIGATION BACKGROUND

    On February 3, 2000, the Equal Employment Opportunity Commission ("EEOC") filed suit in this Court against O'Charley's, Inc. ("O'Charley's"). On February 22, 2000, Mr. Talley filed a Motion to Intervene. The Court granted this motion on February 25, 2000.

1



### III.   GENERAL PROVISIONS

Nothing herein shall be deemed to be an admission by O'Charley's that it has at any time, place or in any manner whatsoever violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. or that it has violated any other state or federal law or that it has violated any other theory of liability raised in the lawsuits or demands of any of the parties. Unless otherwise specified, this Decree applies only to O'Charley's Tuscaloosa restaurant.

This Decree resolves the instant lawsuit and EEOC Charge No. 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.  Upon execution of this Decree, said complaint will be dismissed with prejudice by stipulation of the parties and the referenced EEOC charge closed.

The EEOC and O'Charley's further agree that this Decree does not, however, resolve any charges that may be pending with the EEOC other than the charge specifically referred to in this Decree. The duration of this Decree shall be three (3) years from the date of entry of the Decree. Accordingly, this Decree shall expire and shall be without force and effect three (3) years from the date of entry of this Decree.

NOW THEREFORE, the parties agree that:

### IV.   SPECIFIC RELIEF

A. Monetary Relief

Each party agrees to bear their own attorneys' fees, costs, and expenses.

B. Non-monetary Relief

1. Anti-Retaliation Policy

O'Charley's affirms the following "Statement of Policy":

O'Charley's is firmly committed to maintaining its policy prohibiting

2

retaliation against employees who complain of harassment and/or discrimination in the workplace or who otherwise participate in the investigation or litigation of Title VII proceedings. It is committed to promptly responding to any acts of retaliation of which the company becomes aware. It is committed to continuing to maintain a system that is designed to strongly deter acts of retaliation and it is committed to a work environment that is free from unlawful harassment/discrimination and to actively monitoring its workplace to ensure tolerance, respect and dignity for all people. Persons found to have violated this policy will be disciplined up to and including discharge.

Neither this paragraph nor any other portion of this Decree creates any contractual causes of action or other rights that do not otherwise exist under state and federal law.

2. Equal Employment Opportunity and Harassment Policies

O'Charley's states that prior to the initiation of any claims by Mr. Talley, it has had longstanding policies on "EQUAL OPPORTUNITY in EMPLOYMENT" and "HARASSMENT" which are found in its Policies and Procedures Manual and which it states is distributed to each new employee. (*See* Exhibit A.) O'Charley's also states that it had implemented a poster which provides employees a 1-800 number to call if they believe they are being harassed prior to the initiation of any claims by Mr. Talley. (*See* Exhibit B.)

The "HARASSMENT POLICY" shall be amended so that in addition to advising employees that they will not be placing their jobs in jeopardy by bringing concerns about possible harassment to the attention of management, the policy will also state as follows:

"No employee will be subject to retaliation for reporting an incident involving harassment."

The poster containing the 1-800 number shall be amended so that the second sentence reads: "Our commitment includes providing all employees with a work environment free from unlawful discrimination or harassment and from retaliation for objecting to and reporting unlawful

3

discrimination and harassment."

O'Charley's shall continue to distribute its "EQUAL OPPORTUNITY in EMPLOYMENT" and "HARASSMENT" policies and shall distribute the "ANTI-RETALIATION" policy to each of its new employees at the O'Charley's Tuscaloosa restaurant and have the new employee sign that they have received a copy of all of the policies. It shall also distribute a copy of the policies to each of its current employees at O'Charley's Tuscaloosa restaurant who have not yet received a copy within ninety (90) days of the signing of the Decree.

3. Individual Rights

O'Charley's agrees to follow an employment reference policy for the Charging Party as follows: upon inquiry directed to Carol Arrowood, it shall provide only the dates of employment and positions held. Upon Mr. Talley's request, O'Charley's shall supply him with a letter to this effect. No mention shall be made to the person requesting the reference of this lawsuit or of the Charge of Discrimination which have been filed or the participation in the settlement of this suit. O'Charley's will state as part of  the reference that it is the policy of O'Charley's to give only the dates of employment and position(s) held when responding to a request for reference. This provision survives the expiration of this Decree.

C. Training

1. General Obligations.

O'Charley's states that prior to the initiation of any claims by Mr. Talley, it held periodic training sessions for its employees on the issues of discrimination, harassment, and retaliation. O'Charley's intended to and will continue to provide training at its Tuscaloosa restaurant on these issues as outlined below during the time this Decree remains in force and effect.

4

2. Training

a.      Management Training

As part of its commitment to equal employment opportunity, O'Charley's provides training to its management staff at the Tuscaloosa restaurant on the issues of discrimination, harassment, and retaliation. O'Charley's intent is to conduct this type of training on an annual basis consistent with business operational needs. This training specifically includes a presentation that retaliation for engaging in protected conduct under Title VII of the 1964 Civil Rights Act is a violation of the law. This presentation may be included in regular trainings or new hire meetings. All participants for this training shall sign an attendance sheet. O'Charley's will continue to provide this training at least during the duration of the Consent Decree.

b.      Hourly Employee Training

O'Charley's provides each newly hired employee at the Tuscaloosa restaurant with an orientation presentation on O'Charley's commitment to equal employment opportunity. This orientation includes a review of O'Charley's policies including the following specific policies: equal employment opportunity, harassment, and anti-retaliation. Newly hired employees sign a receipt acknowledging they understand these policies. O'Charley's will continue to provide this training at least during the duration of the Consent Decree.

c.      Human Resources Training

O'Charley's Human Resources personnel periodically attend training sessions on the following topics: discrimination, harassment, retaliation, investigations, and workplace diversity. The Human Resources department is scheduled to participate in a training session on responding to and investigating employee complaints during the year 2000. O'Charley's will continue to provide

this training at least during the duration of the Consent Decree.

3. Reports on Training and Policies

Within 30 days from the date this Consent Decree is signed by the parties, O'Charley's will

provide the EEOC with copies of the following:

- copies of its revised policies;

- a copy of the form used to acknowledge receipt of the policies during new employee orientation;

- a copy of non-privileged materials used during the management training session for the Tuscaloosa restaurant.

Non-privileged materials used in future training sessions during the time this Decree remains

in force and effect will be made available upon request to the EEOC. O'Charley's will report to the

EEOC on an annual basis, on the anniversary date of this decree, regarding the training it has

provided its employees during the previous year, indicating the subjects covered and the dates such

training was provided.

D. Dispute Resolution Procedure

The United States District Judge for the Northern District of Alabama who approves this

Decree shall have the authority to resolve all disputes arising under the Decree subject to the various

limitations of enforcement set forth in this Decree.  If a dispute arises, counsel for the Charging

Party, the EEOC or O'Charley's shall notify all counsel of record.  Counsel then agrees to meet and

confer as necessary on differences in the application of this Decree about which notice is given and

use their best efforts to resolve any difference or disputes regarding the interpretation or

implementation of this Decree including compliance with the training, education, or complaint

process as set out herein.   This procedure must be complied with before any contempt proceeding

6

is initiated. Counsel shall have the right to move the Court to resolve any dispute regarding compliance with any provision of this Decree after the following conditions have been met:

1. If any party has good reason to believe that a legitimate dispute exists under this Decree which cannot be resolved by consent, the initiating party shall give prompt written notice to the other party, including a reference to the specific provisions of the Decree, a statement of the issues, a statement of the remedial action sought by the initiating party in a brief statement of the facts, circumstances and other arguments supporting the position of the initiating party;

2. The non-initiating party will have twenty(20) days within which to respond in writing to the statement of facts and arguments set forth in the notice and shall provide its written position including the facts and arguments which support its position to the initiating party;

3. The parties shall then undertake by negotiations and by the exchange of relevant documents to attempt to resolve the area of dispute or alleged non-compliance;

4. If good faith efforts to resolve the matter fail, written notice of impasse to the non-initiating party or parties will be given and any party may file a motion with the Court, with supporting briefs, requesting resolution of the dispute on the issue of non-compliance, provided that such motion shall be limited to disputes and issues specifically raised pursuant to this provision, and that the "meet-and-confer" provisions of this section have been complied with. The non-moving party will have fifteen (15) days to respond to any such notice and reply pleadings will only be allowed by consent of the opposing party or by order of the Court.

5. The Court shall attempt to resolve any dispute raised under the preceding paragraph with or without a hearing and the decision of the Court on this issue will be final and binding.

V.      **SPECIFIC O'CHARLEY'S UNDERTAKINGS**

7

At its Tuscaloosa facility, O'Charley's and its officers, agents, management (including all levels of supervisory employees), successors and assigns, all those in active concert or participation with them or any of them, hereby agree to refrain from engaging in, implementing or permitting any adverse employment action, policy or practice with the purposes of retaliating against any current or former employee of O'Charley's in violation of Title VII because he or she opposed any practice of sexual or gender-based harassment believed to be unlawful under Title VII, filed a Charge of Discrimination alleging such a practice, testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by O'Charley's) or hearing in connection with Charge No. 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, with the case styled EEOC v. O'Charley's, CV-00-N-0291-W and/or relating to any claim of sexual and/or gender-based harassment, was identified as a possible witness in this action, asserted any rights under this Decree or sought and/or received any monetary and/or non-monetary relief in accordance with this Decree.

FINAL PROVISIONS

The parties acknowledge that this Decree will be filed with the Court.  The terms of the Decree and the monetary amount paid to the Charging Party, Andrew Talley, are confidential, except that the EEOC will report the terms of the settlement internally and that the EEOC will remain able to respond to legitimate inquiries from third parties about the terms of the settlement.

Done this the *29th* day of *Aug.*, 2000.

_____
UNITED STATES DISTRICT JUDGE

8

By Consent:

Equal Employment Opportunity
Commission:
C. Gregory Stewart
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

Jill Lolley Vincent
Acting Regional Attorney
Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205
Tel: (205) 731-1279
COUNSEL FOR PLAINTIFF

9

M. Kim Vance
KING & BALLOW
315 Union Street • Suite 1100
Nashville, TN 37201


T. Dwight Sloan
BALCH & BINGHAM LLP
1701 Sixth Avenue, North
Birmingham, AL 35203-2015
COUNSEL FOR DEFENDANT

Richard R. Newton
P.O. Box 2483
Tuscaloosa, AL 35401
COUNSEL FOR PLAINTIFF-
INTERVENOR